Chief Justice Robertson,
delivered the opinion of the Court.
On a traverse of an inquisition in the-country a jury in the circuit court having found Norton, the traversee, guilty of the forcible detainer charged in the warrant, the court rendered judgment in favor of Ann T. Sanders, the traverser, and plaintiff in the warrant. But as the judgment certified on the order book, was only for costs and not in terms for restitution, this court dismissed an appeal prosecuted by Norton. See III. J. J. Mar. 396.
When the opinion of this court was certified to the circuit court, the traversor moved the court to amend the judgment by adding an express judgment for restitution; which, though opposed by the traneversee, was accordingly done. And this appeal is prosecuted by Norton to reverse the judgment as thus amended.
The appellant denies the power of the circuit court to amend, as it did, the judgment — complains-of error in the exclusion of evidence introduced by him, and in an instruction given to the jury on the trial.
Whenever there is any thing to amend by, a court may, at a subsequent term, amend so as to effectuate, but not so as materially to alter or defeat a judgment which it actually gave at a preeeeding term. In this case the verdict and the law shew what the judgment should have been and what the court must be presumed to have intended that it should be: and the minute book shews that the court directed the clerk to enter a judgment on the verdict — such a judgment of course, as the law required.
In such a case, such an amendment as that which was made, is allowable by the statutes of “amendment and jeofail” according to their practical construction. The omission to enter the judgment for restitution, must be deemed a clerical misprision which should be corrected, and not an error in the *13 court which would not be amendable. Bacon states an analogous case when he says, “ In Ejectment, if the judgment is entered quod querens recuperet, the and costs, and not quod recaperet terminum, as the case is, this shall be amended.”
Pevson not os, topped by returnon a writ n a'^'ari/5 ¡,ut ¡s Cstopped by express acknowledgcovenant; unless it be beo^proourfid by fraud."
The appellee having read on the trial, a writing signed and sealed by the appellant, acknowledging that Ann T. Sanders had been put in possession by a writ of restitution, and covenanting that he would hold the land as her tenant, and surrender it at a specified time: — he offered t,o prove that, by the parol contract, he had a right to keep possession a year beyond the time specified in the writing; but the court rejected the evidence as inadmissible: He then offered to prove that the sheriff did not, in fact, turn him out by the writ of restitution; but this evidence was also rejected as inadmissible, because it would contradict the return on the writ. The appellant does not seem to have been a party to the writ, and proved that he had, prior to the date of it, been in the possession of the land several years— had never been evicted by the appellee, and had not, directly or indirectly, obtained possession from her or under her title, but had continued to hold under his [father, and adversely to her until the alleged eviction by the writ of restitution.
On the motion of the appellee the court excluded all the parol testimony, and instructed the jury that if they believed that the appellant executed the written acknowledgment, and refused to surrender the possession on demand, after the expiration of the time therein designatd, they must find for the appellee.
As the appellant is not shewn by the record to have been a party to the writ of restitution, the return upon it does not conclude him; but he is estopped by his covenant to deny any thing which he therein acknowledged, unless he conkl avoid the writing by proof of. fraud in its execution or procurement; and no such fraud has been shewn, or, in a proper manner, attempted to be shewn.
The writing, as it is, must be also conclusive evideuce as to the time when the possession was to be surrendered.
Writ of for. eihledetainer taimibUiwhen occupant has entered virtue of * a* lease.
Party estopped fiom den) i ing eviction if expressly aclvnowledgi ed in oovem ant, to hold under nH’f in habere facias. Unlois fraud or duress, he cannot resist, restitution by proving the eviction to have been illegal.
Written ac. knnwledginent that party claiming as landlord, has be- n put “in complete and po.iect possession of the land by the sheriff,” and that party charged as
Tfie circuit court did not therefore err in rejecting the proffered evidence as to the time of surren-
A warrant for forcible detainer is maintainable on-]y when the occupant obtained the possession from ^le demandant, and under a contract of lease. If the appellant was not party, or privy to the orderor the writ of restitution, he might, after being evictet* have been reinstated by a warrant for a forcible entry.—Chiles vs. Stephens (1st Mal. 333;) and consequently, being still in possession, a warrant of forcible detainer should not be maintained against him, (if he be not concluded -by the written lease) provided a jury should consider him, not as a tenant who obtained possession from his landlord, but as one who held possession independently of tho nominal lease and agreed to hold as tenant merely to retain the possession, and thus, frustrate an illegal attempt to oust him by force.
If the covenant had expressly acknowledged that Norton had been, in fact, evicted by the-siienif under the habere facias, he would have been thereby estopped to deny that fact, and consequently, the eviction being admitted, and having been submitted to, by afterwards voluntarily leasing the land and entering under that lease, he could not, (without proof of fraud or duress,) resist restitution by proving that the eviction was unlawful and such as he might, on that ground alone, have avoided if he had sued out a warrant for forcible entry instead of waiving such right and entering under and recognising the title of the wrong-doer.
But the covenant does not expressly acknowledge that Norton was actually evicted nor that he re-entered under the title of Miss Sanders. It merely admits that, in virtue of the habere facias, ilthe sheriff has put Ann T. Sander's in complele and perfect possession of the land, fyc. which I, Wm. Norton occupy; and in consequence of the said Ann T. Sanders being willing that I shall continue here on said land, See. — I consider myself as her tenant, &c.”
This acknowledgment does not necessarily import that Norton had been evicted from the land — it rather means that he was not, in fact, turned out, but that *15 Miss Sanders having been put into pessession with him, iie was considered as constructively turned out, and was to continue or retain his possession, but as her tenant. The testimony, therefore, which tended to prove that iie had never been, in fact, evicted, and had, prior to the alleged eviction, held the land several years, as tenant under her father who claimed adversely to Ann T. Sanders, did not contradict the covenant but was admissible to show the truth which the covenant left in doubt. The evidence on that point, and which was excluded by the circuit court, tended to shew only an attornment; and an attornment by a tenant without his landlord’s consent, or without a judgment, order or decree, is declared to be void. — Besides, in such a case, the tenant may resist a warrant by his new landlord for detainer, because he did not, in fact, enter under the title of that landlord.
tenau;, “c.cr.siders him I self tenant of such landlord is not an aci knowledge menl of eviction ; nor docs it esiop the occupant from contesting jthe right of such claim' ant of the land; and parol testimony admissible to prove no actual eviction, and the prior possession and its character.
Tennant may resist a warrant fur forcible detain er at the in> stance of a landlord, under whose title he did not enter.
Mills and Brown, for appellant; Sanders, for appellee.
The effect of the evidence rejected by the circuit court, will not now be considered. The jury had a right to consider it, and to decide on the whole case, whether Norton should he deemed the tenant of Sanders, and whether he entered as her tenant — and ought, under all the circumstances, to be concluded by his contract of lease, and compelled to make restitution. — Wherefore the circuit court erred in excluding evidence, and in instructing the jury, in effect, that they must find for Sanders.
Judgmeut reversed and cause remanded for a new trial.